**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION**

**KEVIN EUGENE BARRON**                                                                              **PLAINTIFF**

**V.**                            **CASE NO. 5:20-CV-5037**

**SHERIFF TIM HELDER, Washington
County, Arkansas**                                                                                         **DEFENDANT**

**OPINION AND ORDER**

This is a civil rights action filed by the Plaintiff pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis.* When he filed this case, Plaintiff was incarcerated in the Washington County Detention Center. Plaintiff is no longer incarcerated.

On August 13, 2020, the Defendant filed a Motion to Compel (Doc. 16). Plaintiff did not respond to the Motion to Compel. The Motion was granted by Order (Doc. 18) entered on August 28, 2020. Plaintiff was ordered to provide the Defendant with responses to discovery by September 15, 2020. Defendant was advised to file a motion to dismiss if Plaintiff did not comply with the Order.

On September 17, 2020, Defendant filed a Motion to Dismiss (Doc. 19). In the Motion, Defendant states that Plaintiff has failed to provide the discovery responses. An Order (Doc. 21) was entered on September 17, 2020, directing Plaintiff to respond to the Motion to Dismiss by October 8, 2020. Plaintiff was advised that failure to comply with the Order would result in the dismissal of the case.

Plaintiff has not responded to the Motion to Dismiss. He has not sought an extension of time to provide the discovery responses or to respond to the Motion to

Dismiss. Plaintiff has not complied with the Order (Doc. 18) directing him to provide Defendants with discovery responses or with the Order (Doc. 21) directing him to respond to the Motion to Dismiss. Plaintiff has not communicated with the Court in any way.

The Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the ground that the plaintiff failed to prosecute or failed to comply with an order of the court. Fed. R. Civ. P. 41(b); *Line v. Wabash R.R. Co.,* 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added). Additionally, Rule 5.5(c)(2) of the Local Rules for the Eastern and Western Districts of Arkansas requires parties appearing *pro se* to monitor the case, and to prosecute or defend the action diligently.

Defendant's Motion to Dismiss (Doc. 19) is **GRANTED.** Therefore, pursuant to Rule 41(b), this Complaint should be and hereby is **DISMISSED WITHOUT PREJUDICE** based on Plaintiff's failure to prosecute this case and his failure to obey the orders of the Court.

**IT IS SO ORDERED** on this 19th day of October, 2020.

                                                   /s/ Timothy L. Brooks_____
                                                 TIMOTHY L. BROOKS
                                                 UNITED STATES DISTRICT JUDGE